IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ) | CIVIL NO. 08-00552 HG-LEK |
| DUANE "DOG" CHAPMAN and BETH ) | |
| CHAPMAN, ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | |
|   vs. ) | |
| ) | |
| MAUREEN KEDES KRUTONOG, fka ) | |
| MAUREEN KEDES; VERTEX ) | |
| COMMUNICATIONS LLC, a limited ) | |
| liability company, DOE ) | |
| DEFENDANTS 1-20, DOE ) | |
| CORPORATIONS 1-20 and DOE ) | |
| PARTNERSHIPS 1-20, ) | |
| ) | |
|       Defendants. ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION
FOR ORDER TO CONDUCT JURISDICTIONAL DISCOVERY IN ADVANCE OF
FILING OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
<u>COMPLAINT PURSUANT TO FRCP 12(B)(2) AND HEARING THEREON</u>**

       Before the Court is Plaintiffs Duane "Dog" Chapman and

Beth Chapman's (collectively "Plaintiffs") Motion for Order to

Conduct Jurisdictional Discovery in Advance of Filing Opposition

to Defendants' Motion to Dismiss Complaint Pursuant to FRCP

12(b)(2) and Hearing Thereon ("Motion"), filed on January 16,

2009.  Defendants Maureen Kedes Krutonog, formerly known as

Maureen Kedes, ("Kedes") and Vertex Communications, LLC

("Vertex", both collectively "Defendants") filed their memorandum

in opposition on February 5, 2009.  This matter came on for

hearing on February 11, 2009.  Appearing on behalf of Plaintiffs

were Philip Brown, Esq., and Effie Steiger, Esq., and appearing on behalf of Defendants were Jeffrey Portnoy, Esq., and Jeffrey Osterkamp, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiffs are bounty hunters and stars of the A&E Network television show "Dog the Bounty Hunter" ("the Program"). Plaintiffs reside in Honolulu and the Program is primarily filmed in Honolulu.  In approximately March 2005, Plaintiffs' company, Dog Corporation, contracted with Vertex to have Defendants provide public relations services for Plaintiffs and the Program. Although the contract expired in June 2005, Defendants continued to provide publicity services for Plaintiffs and the Program until Plaintiffs terminated their services in approximately May 2006.  Plaintiffs allege that, after they terminated Defendants' services, Kedes attempted to damage Plaintiffs' reputations by, *inter alia*, fabricating stories about them and selling confidential stories about them to the tabloids.

On October 23, 2008, Plaintiffs filed the instant action in state court.  The Complaint alleges claims for: breach of fiduciary duty; fraudulent concealment; and negligent or intentional misrepresentation.  Plaintiffs seek general damages,

2

special damages, consequential and incidental damages, attorney's fees and costs, prejudgment interest, and other appropriate relief.  On December 8, 2008, Defendants removed the action based on diversity jurisdiction.  Plaintiffs are residents of Hawaii. Vertex is a limited liability company, organized and registered in California, with its principal place of business in California.  Kedes is the sole member of Vertex, and she is a resident of California.  The removal contained an express reservation of all defenses, including *inter alia*, lack of personal jurisdiction.

On December 15, 2008, Defendants filed a Motion to Dismiss Complaint Pursuant to FRCP 12(b)(2) ("Motion to Dismiss").  Defendants argue that the contract was with Dog TBH Corporation, which was incorporated and has its residence in California.  Defendants allege that the place of the performance of the contract was in California, and therefore the action has no relation to Hawaii.  Defendants also argue that there is no personal jurisdiction over them because: neither one has the requisite minimum contacts with Hawaii; they do not maintain the type of continuous and systematic contacts with Hawaii necessary to establish general jurisdiction; and the claims in this action do not arise out of or relate to any contacts with Hawaii.  As of the date of the hearing on the instant Motion, the Motion to Dismiss was set for hearing before the district judge on March 2,

3

2009.[1]

In the instant Motion, Plaintiffs note that Kedes'
declaration in support of the Motion to Dismiss denies any
significant contacts with Hawaii.  Plaintiffs, however, argue
that they have colorable evidence that Defendants do have
substantial contacts with Hawaii.  Plaintiffs also contend that
they are aware of specific areas that they can inquire into that
may lead to further evidence of Defendants' contacts with Hawaii.
Plaintiffs therefore argue that jurisdictional discovery is
appropriate.  They intended to: serve one set of requests for
production of documents; serve one set of requests for answers to
interrogatories; subpoena documents from the Kahala Hotel and
Resort in Honolulu, Hawaii ("the Kahala Hotel"); conduct short
depositions of Kedes, her husband Boris Krutonog – who was also
Duane Chapman's manager, Heather Hydes – Kedes' assistant who has
information about Kedes' travel schedule during the relevant time
period, and a corporate designee of Harry Witz and/or Harry J's,
LLC – the owners of a Kauai restaurant that Defendants had a
contract to promote.  Plaintiffs state that the depositions will
be for no more than four hours each and will be taken in each
deponent's county of residence.

---

[1] On February 10, 2009, Plaintiffs a motion to continue the
hearing on the Motion to Dismiss.  Defendants filed a statement
of no opposition on February 10, 2009.  The district judge has
not ruled on the motion to continue.

Plaintiffs state that Kedes and Krutonog traveled to Hawaii in connection with their work on the Program from early 2005 to mid 2006.  Beth Chapman remembers three times that Kedes traveled to Hawaii in connection with her work as the publicist for Plaintiffs and the Program.  Twice Kedes stayed at the Kahala Hotel, and the third time was on the Island of Hawaii for Plaintiffs' wedding, which was filmed in connection with the Program.  The A&E Network paid for each trip.  In addition, there may have been other trips that Beth Chapman does not specifically recall.  Krutonog was in Hawaii over 175 days in his capacity as Duane Chapman's manager, and Kedes may have accompanied him on some of these trips.  Kedes also initiated frequent, if not daily, contact with Plaintiffs and their public relations assistant, Mona Woods, in Hawaii through telephone, email, and mail.  In addition, Kedes and her family frequently vacated in Hawaii, including a two-week vacation on the Island of Hawaii after Kedes' work-related attendance at Plaintiffs' wedding. Kedes' declaration also notes that Defendants had a contract to promote a new restaurant in Kauai, but Kedes does not provide any details about the services she provided or if her work with the restaurant required her to travel to Hawaii or to otherwise avail herself of the forum.

Plaintiffs argue that they have made a colorable showing that discovery will result in evidence establishing

jurisdiction.  Plaintiffs argue that jurisdictional discovery is warranted because Kedes' declaration in support of the Motion to Dismiss does not discuss the purposeful contacts that Plaintiffs note in the Motion.  They request sixty days to conduct jurisdictional discovery before the hearing on the Motion to Dismiss.

Finally, although Plaintiffs note that the merits of the Motion to Dismiss are not before this Court, they argue that the Motion to Dismiss erroneously focuses on the contract between Vertex and the Dog Corporation.  Plaintiffs argue that Defendants continued to provide services after the expiration of the contract and Plaintiffs have alleged tort claims for acts committed after Plaintiffs terminated Defendants' services. Plaintiffs therefore contend that jurisdiction cannot be determined solely on the basis of the contract.

In their memorandum in opposition, Defendants argue that no discovery can rebut the fact that the contract was between California parties, was governed by California law, and had nothing to do with Hawaii.  Further, Defendants argue that Plaintiffs' tort claims do not arise out of, and are not related to, Hawaii.  Defense counsel informed Plaintiffs' counsel that Defendants would consent to limited jurisdictional discovery if Plaintiffs explained the relevance of their requests, but Plaintiffs have not responded.  Defendants argue that this Court

should deny the instant Motion because Plaintiffs cannot articulate a need for the requested discovery.

In order to obtain leave to conduct jurisdictional discovery, Plaintiffs must make a preliminary showing of jurisdiction.  They must specify what facts they expect to uncover during discovery and how those facts would support personal jurisdiction.  Defendants argue that Plaintiffs cannot make this showing.  The discovery Plaintiffs propose only relates to the existence of the continuous and systematic contacts needed for general jurisdiction and Plaintiffs cannot meet the extremely high standard for general jurisdiction.  Kedes never lived in Hawaii and Vertex has never been licensed or operated in Hawaii.  Neither ever maintained an office or address in Hawaii, and neither has an agent for service of process in Hawaii.  Neither advertised, contracted, kept a financial account, or owned or leased any personal property in Hawaii.  Plaintiffs' proposed discovery does not address any of these facts.

Plaintiffs' proposed discovery includes: depositions of Harry Witz and/or Harry J's, LLC, an entity that Defendants had a two-month business relationship with; requests for the names and contact information for any Hawaii residents and business that Defendants ever communicated with; requests for all documents ever sent to Hawaii; and all evidence of any travel to Hawaii, including vacations.  Defendants argue that this will

unnecessarily increase the costs of litigation and that none of this discovery will support personal jurisdiction.  If the Court is inclined to allow jurisdictional discovery, Defendants argue that the Court should exclude all discovery relating to general jurisdiction.

Defendants argue that Plaintiffs' proposed discovery would be futile because Plaintiffs cannot establish that their claims arise out of or relate to Defendants' purposeful acts availing themselves of Hawaii laws.  For example, Plaintiffs argue that Krutonog appeared in Hawaii as Duane Chapman's manager, but Krutonog is not a party in this action.  Plaintiffs also cite Kedes' vacations to Hawaii, but these cannot establish personal jurisdiction and the claims in this case do not arise out of Kedes' three business trips to Hawaii.  Similarly, Kedes' use of the mail, telephone, and other forms of international communication does not constitute purposeful availment of the forum.

Finally, Defendants argue that, even if Plaintiffs' discovery revealed some additional contacts with Hawaii, the exercise of jurisdiction here would not comport with fair play and substantial justice.  Defendants contend that the proposed discovery will not alter the fact that the case belongs in California and not Hawaii.

## DISCUSSION

A district court has the discretion to permit or deny jurisdictional discovery.  See Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).  "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  Id. (citations omitted).  A court may deny a request to conduct jurisdictional discovery if, for example, "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants," Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006), or "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction."  Laub v. United States Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks omitted).

District courts within the Ninth Circuit require a plaintiff to establish a "colorable basis" for personal jurisdiction before granting jurisdictional discovery.  See, e.g., Mitan v. Feeney, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007); Modesto City Sch. v. Riso Kagaku Corp., 157 F. Supp. 2d 1128, 1130 (E.D. Cal. 2001); Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 673 (S.D. Cal. 2001).  "This 'colorable' showing should be understood as something less than a

9

prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." Mitan, 497 F. Supp. 2d at 1119 (citations omitted).

Beth Chapman submitted a declaration in support of the instant Motion.  She states that between March 2005 to May 2006 Kedes traveled to Hawaii at least three times in connection with her work as the publicist for Plaintiffs and the Program.  The A&E Network paid for each of these trips.  [Motion, Decl. of Beth Chapman ("B. Chapman Decl.") at ¶ 9.]  In addition, Plaintiffs note that, in her declaration in support of the Motion to Dismiss, Kedes stated that she and Vertex had a contract to promote a new restaurant on the Island of Kauai.  [Mem. in Supp. of Motion at 4.]  This Court therefore finds that Plaintiffs have established a colorable basis for personal jurisdiction and that, if permitted to conduct limited discovery, they may uncover more facts that would support discovery.

Beth Chapman also alleges that Kedes initiated frequent, if not daily, telephone and e-mail contact with them and their public relations assistant and that Kedes regularly sent them materials in the mail.  [B. Chapman Decl. at ¶ 8.] Plaintiffs therefore want to conduct discovery about the extent of Kedes' telephone, e-mail, mail, and other contacts with residents or businesses in Hawaii.  Defendants argue that such

discovery is not relevant to the Motion to Dismiss because
"'ordinarily use of the mails, telephone, or other international
communications simply do not qualify as purposeful activity
invoking the benefits and protection of the [forum] state.'"[2]
[Mem. in Opp. at 8 (quoting Peterson v. Kennedy, 771 F.2d 1244,
161-62 (9th Cir. 1985) (some quotation marks omitted)).]  In
Peterson, the Ninth Circuit affirmed the district court's ruling
that there was no personal jurisdiction in a state legal
malpractice case where the defendant's only contacts with the
forum state were telephone calls and letters directed into the
forum state.

　　　　The Ninth Circuit, however, has recognized that a
district court should "apply different purposeful availment tests
to contract and tort cases."  Ziegler v. Indian River County, 64
F.3d 470, 473 (9th Cir. 1995) (citations omitted).  Thus,
"[a]lthough Peterson remains good law, many Ninth Circuit
personal jurisdiction cases involving certain types of tort
claims . . . apply the more liberal 'effects test.'"  Cummings v.
W. Trial Lawyers Ass'n, 133 F. Supp. 2d 1144, 1152 (D. Ariz.

---

　　　　[2] The fact that Peterson discusses forms of *international*
communication does not render it inapplicable to the instant case
which deals with *interstate* communication because the issue is
whether it is reasonable to consider the defendant's
communications with the forum.  See Douglas Furniture Co. of
Cal., Inc. v. Wood Dimensions, Inc., 963 F. Supp. 899, 902 n.2
(C.D. Cal. 1997) ("Whether use of the mails invokes the benefits
and protections of the forum state does not depend on the site of
the mails' origin.").

2001) (citing Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998)).  Under the effects test, "jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state." Ziegler, 64 F.3d at 473 (citation omitted); see also Panavision, 141 F.3d at 1321 (stating that in tort cases, purposeful availment may be established if "the defendant's conduct is aimed at or has an effect in the forum state" (citations omitted)).  Based on this Court's review of the allegations in the Complaint and Plaintiffs' representations in the instant Motion, however, it does not appear that the claims in this case arise from Defendant's communications with the forum which allegedly had an effect in Hawaii.  Plaintiffs' proposed discovery regarding Defendants' email, letters, phone calls, and other communications with residents or entities in Hawaii is therefore irrelevant.

    This Court therefore GRANTS the Motion insofar as Plaintiffs are granted leave to conduct a **sixty minute** deposition of Kedes regarding: the number of business trips she made to Hawaii to act as the publicist for Plaintiffs and the Program; the nature of the work she did during those business trips; whether she conducted business during her vacations in Hawaii or during any trips in which she accompanied her husband when he traveled to Hawaii on business, and, if so, what she did; whether she traveled to Hawaii in connection with the contract to

promote, or on behalf of, the Kauai restaurant or other clients; and, if so, the nature of business she conducted during those trips.  In lieu of a deposition, Plaintiffs may serve Kedes with a request for answers to interrogatories.  Plaintiffs may pose no more than **twenty interrogatories, including discrete subparts**, addressing the issues identified above.  The answers shall be due not later than **March 6, 2009**, unless otherwise agreed upon by the parties.  The Motion is DENIED in all other respects.

The Court recognizes that the effect of this order is that the hearing on the Motion to Dismiss must be continued.  The Court orders Plaintiffs to complete the jurisdictional discovery no later than **March 6, 209**.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Order to Conduct Jurisdictional Discovery in Advance of Filing Opposition to Defendants' Motion to Dismiss Complaint Pursuant to FRCP 12(b)(2) and Hearing Thereon, filed on January 16, 2009, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED to the extent that Plaintiffs are given leave to either: conduct a sixty-minute of Kedes; or serve Kedes with a request for answers to interrogatories.  The discovery shall be limited according to the terms the Court set forth in this order.  The Court ORDERS the parties to meet and confer to discuss the date, time, and logistical arrangements for Kedes' deposition, if

Plaintiffs elect to take her deposition.  The discovery shall be completed no later than **March 6, 2009**.  The Motion is DENIED in all other respects.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, February 13, 2009.



        /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States Magistrate Judge

DUANE "DOG" CHAPMAN, ET AL. V. KEDES KRUTONOG, ET AL; CIVIL NO. 08-00552 HG-LEK; ORDER GRANTING IN PAT AND DENYING IN PART PLAINTIFFS' MOTION FOR ORDER TO CONDUCT JURISDICTIONAL DISCOVERY I ADVANCE OF FILING OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(2) AND HEARING THEREON